IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **WILLIAM DONOVAN**, administrator of the State of the Estate of Rita Donovan, Deceased,<br><br>v.<br><br>**BOSTON MARKET CORPORATION** | :<br>:  Case No.  20-cv-4076-JMY<br>:<br>:<br>:<br>:<br>: |

MEMORANDUM

**YOUNGE, J.**                                                                                                        June 23, 2022

Currently before the Court is a motion for summary judgment filed by Defendant. (Motion for Summary Judgment "MSJ", ECF No. 19.)  The Court finds this matter appropriate for resolution without oral argument.  See Fed. R. Civ. P. 78; L.R. 7.1(f).  For the reasons set forth below, the Court will deny the Defendant's Motion.

**I.     PROCEDURAL AND FACTUAL BACKGROUND:**

On August 12, 2019, Plaintiff-Decedent, Rita Donovan, was a business invitee of the Defendant when she tripped and fell in the entrance vestibule of the Boston Market located at 1776 Old York Road in Abington Pennsylvania.  (MSJ ¶ 4.)  She was 86 years old at the time of the incident in which she fractured her hip and later died in the hospital from what Plaintiff alleges were complications arising from the incident.  (Brief in Support MSJ page 2, ECF No 19-1; Donovan Deposition page 18, Opposition to MSJ Ex. B, ECF No. 20-5.)  Decedent's husband, William Donovan, was with her at the time of the incident, but he did not see her fall or what she tripped over if anything.  (Donovan Deposition page 83.)  However, Decedent's husband unequivocally testified that the floor of the vestibule was covered by a large floor mat.  (*Id.* Ex. 1-3.)  He further testified that this floor mat was bent or turned up on one side by the door and that the floor mat had a buckle or bubble in it.  (*Id.* pages 71, 75, 80.)  In addition, he identified

what he described as fringe or strings hanging from the turned or bent up portion of the floor mat. (*Id.*)

In support of this lawsuit, Plaintiff offers statements made by unidentified eye-witnesses who purportedly said that Decedent tripped over the floor mat. (*Id.* page 84; Patterson Deposition page 23-24, Opposition to MSJ Ex. C, ECF No. 20-6.) Decedent's husband also testified that just after Decedent fell, he heard her say, "Bill, I tripped on the rug." (*Id.* page 83.)

## II.     LEGAL STANDARD:

Summary Judgment is appropriate if the movant shows "that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). *Liberty Mut. Ins. Co. v. Sweeney*, 689 F.3d 288, 292 (3d Cir. 2012). To defeat a motion for summary judgment, there must be a factual dispute that is both genuine and material. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 24-49 (1986); *Dee v. Borough of Dunmore*, 549 F.3d 225, 229 (3d Cir. 2008). A material fact is one that "might affect the outcome of the suit under the governing law[.]" *Anderson*, 477 U.S. at 248. A dispute over a material fact is "genuine" if, based on the evidence, "a reasonable jury could return a verdict for the nonmoving party." *Id*.

The movant bears the initial burden of demonstrating the absence of a genuine dispute of a material fact. *Goldenstein v. Repossessors Inc.*, 815 F.3d 142, 146 (3d Cir. 2016). When the movant is the defendant, they have the burden of demonstrating that the plaintiff "has failed to establish one or more essential elements of her case." *Burton v. Teleflex Inc.,* 707 F.3d 417, 425 (3d Cir. 2013). If the movant sustains their initial burden, "the burden shifts to the nonmoving party to go beyond the pleadings and come forward with specific facts showing that there is a genuine issue for trial." *Santini v. Fuentes*, 795 F.3d 410, 416 (3d Cir. 2015) (internal quotation

marks omitted) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

At the summary judgment stage, the court's role is not to weigh the evidence and determine the truth of the matter, but rather to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249; *Jiminez v. All Am. Rathskeller, Inc.*, 503 F.3d 247, 253 (3d Cir. 2007). In doing so, the court must construe the facts and inferences in the light most favorable to the non-moving party. *See Horsehead Indus., Inc. v. Paramount Commc'ns, Inc.*, 258 F.3d 132, 140 (3d Cir. 2001). Nonetheless, the court must be mindful that "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252.

### III.   DISCUSSION:

Defendant moves for summary judgment by arguing that Plaintiff cannot establish that a defective condition in the floor mat caused Decedent to trip and fall. (Brief in Support of MSJ page 1.) Defendant also argues that Plaintiff cannot establish that it had actual or constructive notice of a defective condition in the floor mat at the time of the incident. (*Id.*)

Plaintiff brings this action as a premises liability negligence action. In order to prove negligence, Plaintiff must establish as a matter of law that Defendant owned a duty or obligation recognized by the law that requires him to conform his actions to a standard of conduct for the protection of others against unreasonable risks, and that there was a breach of that duty. *Gutteridge v. A.P. Green Servs.*, 804 A .2d 643, 654 (Pa. Super. 2002), quoting *Ney v. Axelrod*, 723 A .2d 719, 721 (Pa. Super. 1999). There must also be a reasonably close causal connection between the breach of duty and the sustained injury and actual loss or damages as the result. *Id.*

3

In Pennsylvania, it is incumbent on the owner of a property when persons come by invitation, including business invitees, to maintain premises in a reasonably safe condition for the uses thereof and the purposes of which the invitation was extended. *Costello v. Wyss, Inc.*, 190 A.2d 170, 172 (Pa. Super. 1963).

Defendant had a clear duty to maintain its premises in a safe condition for its customers or business invitees like the Decedent. Therefore, an injury caused by a breach of this duty would constitute negligence on its behalf. Plaintiff came forward with evidence to suggest that Decedent tripped, fell and landed on the floor mat in the vestibule of Defendant's store. Decedent's husband testified that the floor mat was in a defective condition – turned or bent up and buckled or bubbled – at the time of the incident. Therefore, issues of material fact remain as to whether Defendant was negligent which prevent the entry of summary judgment at this time.

Disputed issues of material fact remain on the issue of actual or constructive notice because Defendant's store manager testified that she did not know when the floor mat was last inspected prior to Decedent's fall. (Patterson Deposition page 34.) Furthermore, she admitted that floor mats in the vestibule would at times get dislodged when the doors to the vestibule were opened and closed. (*Id.* page 36-37.) Therefore, the Court will not enter summary judgment based on Defendant's purported claim of lack of actual or constructive notice.

### IV.   CONCLUSION:

For these reasons, the Defendant's Motion will be denied and an appropriate order will follow.

BY THE COURT:

   /s/ John Milton Younge   
Judge John Milton Younge
